# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BEACON HILL STAFFING GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) No. 1:19-cv-04121 |
| v. | ) ) **JURY TRIAL DEMANDED** |
| BEACON RESOURCES, LLC, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Beacon Hill Staffing Group, LLC ("Beacon"), files this Complaint against Defendant, Beacon Resources, LLC ("Beacon Resources or Defendant"), for federal trademark infringement, federal and state unfair competition, violations of the Illinois Uniform Deceptive Trade Practices Act and cancellation of a service mark registration. By its Complaint, Beacon seeks injunctive relief, monetary damages and declaratory relief, and alleges as follows:

### Parties

1. Plaintiff, Beacon, is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 152 Bowdoin Street, Boston, Massachusetts.

2. Upon information and belief, Defendant, Beacon Resources, is a limited liability company organized and existing under the laws of the state of Delaware with a principal place of business located at 21800 Oxnard Street, Suite 980, Woodland Hills, California and a regular and continuous place of business located in this District at 401 North Michigan Avenue, Suite 1200,

Chicago, Illinois. Upon information and belief, Beacon Resources is registered to do business in the State of Illinois.

## Jurisdiction and Venue

3. This is an action for infringement of Beacon's federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, for related claims under the Illinois Deceptive Trade Practices Act, common law unfair competition under Illinois law and for cancellation of a federally registered service mark pursuant to 15 U.S.C. §§ 1064 and 1119. This Court has jurisdiction over the Section 43(a) claims pursuant to the provisions of Section 39(a) of the Lanham Act, 15 U.S.C. § 1121. This Court has jurisdiction over the claim for violation of the Illinois Deceptive Trade Practices Act and the common law claim for unfair competition asserted herein under the provisions of 28 U.S.C. § 1338(b) in that the claims are joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.* The Court has jurisdiction over the declaratory judgment claim seeking cancellation of a federally registered service mark pursuant to 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. § 1338.

4. This Court has personal jurisdiction over Beacon Resources because it is registered to do business in Illinois and does in fact conduct regular and continuous business in this District and in the State of Illinois. Beacon Resources has purposely availed itself of the privilege of conducting business within the State of Illinois and within this Judicial District by offering for sale services using a service mark which infringes Beacon's service mark and other rights.

5. As alleged herein, the injury to Beacon occurred in Illinois and Beacon Resources knew or should have known that the injury from its intentional acts of service mark infringement

and other wrongful conduct as alleged herein has been and continues to be felt in this District and in the State of Illinois.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1391(b) and (c) because a substantial part of the events giving rise to this action occurred in this District.

## Facts

### Beacon's Adoption and Use of Its Beacon Marks

7. Beacon is a national employment staffing and job placement company. Beacon provides its staffing and job placement services through multiple offices located throughout the United States, including several locations in the greater Chicago, Illinois area. Beacon is a nationally recognized leader in the staffing and job placement industry and enjoys a widely recognized and positive reputation as an industry leader in the providing of such services.

8. Since at least 2002, Beacon has advertised and promoted its employment staffing and job placement services through the continuous use of its Beacon service mark. Since 2002, Beacon has used and continues to use a number of service marks which include the dominant term "Beacon" in association with and to distinguish Beacon's employment staffing and job placement services (the "Beacon Marks").

9. Over the years, Beacon has invested great effort and resources in promoting its Beacon Marks. Beacon has continuously advertised and promoted its services using the Beacon Marks throughout the United States, including the State of Illinois.

10. By virtue of Beacon's long, continuous and widespread promotion, advertising, publicizing and marketing of the Beacon Marks, consumers of employment staffing and job placement services have come to accept and recognize the Beacon Marks as identifying Beacon as

3

the source of its staffing and job placement services. The Beacon Marks have thereby acquired substantial commercial strength.

11. Beacon has used and continues to use the Beacon Marks to promote and advertise its employment staffing and job placement services to a number of industries and businesses, including the financial services and accounting industries, and in connection with the placement of individuals in financial and accounting positions and to other customers and potential customers in need of permanent or temporary financial or accounting professionals.

12. In addition to its extensive common law rights in the Beacon Marks throughout the United States, and to protect the substantial goodwill associated with its staffing and employment services, Beacon has applied to and registered with the United States Patent and Trademark Office ("USPTO") fifteen (15) of the Beacon Marks. Each of these applied for and registered marks includes the dominant term "Beacon" to distinguish Beacon's employment staffing and job placement services.

13. Beginning in 2006, the USPTO has granted Beacon federal service mark registrations for numerous of the Beacon Marks covering "employment agency services" in Class 35. These marks include the service mark "Beacon Hill Financial" (Registration No. 3,083,208 registered on April 18, 2006, the "'208 Registration"). The dominant portion of the '208 registration is the term "Beacon." A true and correct copy of the '208 Registration is attached hereto as Exhibit A.

14. The '208 Registration is valid and subsisting. The '208 Registration is incontestable under Section 15 and Section 33(b) of the Lanham Act, 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b), respectively.

4857889/1/15613.005

15. The '208 Registration constitutes conclusive evidence of the validity of the registration of the mark, Beacon's ownership of the mark and Beacon's exclusive right to use the mark in commerce in connection with the associated services.

16. Beacon advertises and promotes its employment staffing and job placement services to the financial services and accounting industries and to other customers and potential customers in need of permanent or temporary financial or accounting professionals in connection with the Beacon Marks including, at times, the '208 Registration.

17. In addition to the '208 Registration, Beacon has obtained fourteen (14) additional service mark registrations for variations of the Beacon Marks. The dominant portions of each of these additional registrations is the term "Beacon." True and correct copies of the Certificates of Registration for these other Beacon Marks are attached as Exhibit B.

18. Beacon has spent substantial sums of money, time and effort developing its valuable service mark rights in the Beacon Marks which efforts have resulted in strong, positive awareness of the marks throughout the United States. Accordingly, the Beacon Marks have acquired significant commercial value and are important assets of Beacon.

**Defendant's Adoption and Use of Confusingly Similar Designation for Identical Services**

19. Notwithstanding Beacon's longstanding rights in and to the Beacon Marks, and its federal trademark registrations for the Beacon Marks, Beacon Resources began offering and continues to offer employment staffing and job placement services under the designation "Beacon Resources" (the "Accused Mark"). The addition of "Resources" does nothing to eliminate or even reduce the close similarity between the parties' marks because such addition is not distinguishing. The distinctive component of each party's mark, "Beacon" is identical.

20. The services offered by Beacon Resources in connection with the Accused Mark *i.e.*, employment staffing and job placement services, are identical to those offered by Beacon in connection with the Beacon Marks. In particular, Beacon Resources has and continues to promote its employment staffing and job placement services to the financial services and accounting industries and to other customers and potential customers in need of permanent or temporary financial accounting professionals. Beacon and Beacon Resources are direct competitors in the employment staffing and job placement industry, including, but not limited to in the Chicago area and in the financial services and accounting industries and with respect to other customers or potential customers in need of permanent or temporary financial or accounting professionals.

21. The Accused Mark is confusingly similar in sight, sound, meaning and commercial impression as the Beacon Marks.

22. Beacon did not authorize Beacon Resources to use the confusingly similar Accused Mark in connection with Beacon Resources' promotion and sale of its competing and identical employment staffing and job placement services in the financial services and accounting industries and the placement of individuals in permanent or temporary financial or accounting positions.

23. Beacon Resources uses the Accused Mark in the same channels of trade as Beacon uses the Beacon Marks.

24. The services offered by Beacon Resources and which are provided in connection with the Accused Mark are directed to classes of customers which overlap with the classes of customers for Beacon's services.

25. The conduct of Beacon Resources as alleged herein falsely indicates to the purchasers of employment staffing and job placement services that the services offered for sale by Beacon Resources, using the confusingly similar Accused Mark, originate with Beacon; enable

6

Beacon Resources to trade upon and receive the benefit and goodwill built up at the great expense of Beacon; and to unjustly gain profits for Beacon Resources, not as a result of the efforts of Beacon Resources, but rather as a result of the misappropriation of Beacon's Marks.

26. Beacon Resources' use of the confusingly similar Accused Mark in connection with its advertising, promotion and sale of competing employment staffing and job placement services is likely to deceive purchasers and potential purchasers of such services into believing that Beacon is the source of or endorses the services offered by Beacon Resources and enables Beacon Resources to pass off its services on unsuspecting purchasers as those of Beacon. On information and belief, actual confusion has and continues to occur in this District as a result of the wrongful conduct of Beacon Resources as alleged herein.

27. On November 15, 2015, Beacon Resources filed an application with the USPTO seeking registration in Class 35 of the Accused Mark for "employment agency services and staffing services in the field of finance and accounting . . . ."

28. On August 9, 2016, the USPTO issued Registration Number 5,016,518 (the '518 Registration") for the Accused Mark for "employment services and staffing services in the field of finance and accounting. . . " in Class 35, the same Class as to which each of the sixteen federal registrations of the Beacon Marks have been registered. A true and correct copy of the '518 Registration is attached hereto as Exhibit C.

29. As a result of Beacon Resources' unauthorized use of the confusingly similar Accused Mark, Beacon has suffered damages and has no adequate remedy at law.

**COUNT I**
**Federal Trademark Infringement**
**(Violation of 15 U.S.C. § 1141, *et seq.*)**

30. Beacon repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

31. Beacon is the owner of the Beacon Marks.

32. Beacon Resources has been and continues to advertise, promote and market its competing employment staffing and job placement services using the Accused Marks in a confusingly similar manner to the Beacon Marks.

33. Through the use of the Accused Marks in commerce, Beacon Resources has infringed and continues to infringe Beacon's rights in its Beacon Marks, so as to create a likelihood of confusion, or to cause mistake, or to deceive the public as to the nature, source and sponsorship of Beacon Resources' services.

34. The unauthorized acts of Beacon Resources in advertising, promoting and selling services as alleged above constitutes infringement of Beacon's federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1114 *et seq.*, to the substantial and irreparable injury to Beacon's business reputation and good will.

35. The unauthorized acts of Beacon Resources in advertising, promoting and selling services as alleged above were commenced and continue in spite of its actual and/or constructive knowledge of Beacon's rights in the Beacon Marks and Beacon Resources' knowledge that such activity was and continues to be in direct contravention of Beacon's rights.

36. Beacon Resources' acts have and continue to be knowing, deliberate, willful and are in disregard of Beacon's rights.

37. The above-described acts of Beacon Resources have caused and are causing irreparable harm and damage to Beacon, and unless permanently enjoined by this Court, such irreparable injury will continue.

38. Beacon has suffered damages thereby and Beacon has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition and False Designation of Origin
### (Violation of 15 U.S.C. § 1125(a), *et seq.*)

39. Beacon repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

40. The above-described acts of Beacon Resources constitute the intentional use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association with Beacon or as to the origin, sponsorship or approval of Beacon Resources' competing services.

41. The above-described acts of Beacon Resources constitute the use of words, terms, names, symbols and devices and combinations thereof; false designations of origin; and false and misleading representations of fact that in commercial advertising or promotion, misrepresent the nature, characteristics or qualities of Beacon Resources' competing services.

42. The above-described acts of Beacon Resources constitute false designations of origin; false and misleading descriptions and representations; and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Beacon Resources knows, or reasonably should know, that its conduct is likely to mislead the public and consumers.

44. Beacon Resources' above-described acts have been knowing, deliberate, willful, intended to cause mistake or to deceive and are in disregard of Beacon's rights.

45. The above-described acts of Beacon Resources have caused and are causing, irreparable harm and damage to Beacon, and unless permanently enjoined by this Court, such irreparable injury will continue.

46. Beacon has suffered damages and has no adequate remedy at law.

## COUNT III
## Deceptive Trade Practices
## (Violation of 815 ILCS § 510/1, *et seq.*)

47. Beacon repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

48. Beacon Resources has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin or sponsorship of the parties' respective services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association of Beacon Resources or its services with Beacon's services; and using deceptive representations or designations of origin in connection with the services offered by Beacon Resources.

49. The use of the Accused Mark by Beacon Resources is causing and is likely to cause substantial injury to the public and to Beacon and Beacon has no adequate remedy at law.

## COUNT IV
## Common Law Unfair Competition

50. Beacon repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

51. Beacon Resources' above-described acts are in violation and in derogation of Beacon's common law rights and are likely to cause confusion, mistake and deception among the

4857889/1/15613.005

public and consumers as to the source, origin, sponsorship or quality of Beacon Resources' services.

52. Beacon Resources' above-described acts are causing loss, damage and injury to Beacon and to the public and consumers.

53. Beacon Resources knows or reasonably should know that its conduct is likely to mislead the public and consumers.

54. Beacon Resources' above-described acts have been knowing, deliberate, willful, and are intended to cause mistake or to deceive in disregard of Beacon's rights.

55. As a direct and proximate result of Beacon Resources' wrongful conduct, Beacon has been and will be deprived of sales of its services and has suffered a diminution in the value of its Beacon Marks.

56. The above-described acts of Beacon Resources have caused and continue to cause irreparable harm and damage to Beacon and, unless permanently enjoined by this Court, such irreparable injury will continue.

57. Beacon has suffered damages and has no adequate remedy at law.

## COUNT V
## Cancellation of Registration

58. Beacon repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

59. Beacon Resources originally registered, has maintained and remains the record owner of the '518 Registration.

60. Beacon Resources is using the '518 Registration so as to misrepresent the source, origin, and/or sponsorship of the services in connection with which the '518 Registration is being

used. Therefore, the '518 Registration should be cancelled by this Court pursuant to 15 U.S.C. §§ 1064 and 1119.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, Beacon Hill Staffing Group, LLC, respectfully requests that this Court enter judgment in favor of Beacon and against Defendant, Beacon Resources, LLC, and grant the following relief:

A. Compensatory damages sustained by Beacon as a result of Beacon Resources' service mark infringement, unfair competition and violation of the Illinois Deceptive Trade Practices Act, in an amount to be ascertained at trial;

B. A trebling of any and all relevant damages awarded, pursuant to 15 U.S.C. § 1117(a);

C. Punitive damages as a result of Beacon Resources' knowing, deliberate and willful violations of Beacon's rights;

D. A permanent injunction barring Beacon Resources and its officers, agents, servants, employees and all persons acting on Beacon Resources' behalf from engaging in any use of the Accused Mark, or any other name or mark confusingly similar to the Beacon Marks, either alone or in combination with other words or symbols, as a part of service mark, trademark, corporate name, assumed name, domain name, website, email address, or in any other manner in connection employment or staffing services or job placement services;

E. An injunction ordering Beacon Resources to deliver up for destruction all literature, signs, prints, advertising and promotional materials, catalogues, stationery, and any other items bearing the Accused Mark, either alone or in combination with any other words or symbols, used in connection with Beacon Resourc es' services, pursuant to 15 U.S.C. § 1118;

F. Direct that Beacon Resources file with this Court and serve on counsel for Beacon within thirty days after entry of an injunction issued by this Court, a sworn written statement, pursuant to 15 U.S.C. § 1116, setting forth in detail the manner and form in which Beacon Resources has complied with the injunction;

G. Entering Final Judgment canceling the federal registration for the Accused Mark owned by Beacon Resources, U.S. Registration No. 5,016,518, and directing the Director of the United States Patent and Trademark Office to cancel such registration from the records of the USPTO.

H. An award of Beacon's attorneys' fees and costs; and

I. Such other and further relief that the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

4857889/1/15613.005

Dated:  June 19, 2019

                                      Respectfully submitted,

                                      */s/ Hal J. Wood*
Hal J. Wood, Esquire
Horwood, Marcus & Burke Chartered
500 West Madison, Suite 3700
Chicago, IL 60661
(312) 606-3219
hwood@hmblaw.com

*Pro Hac Vice* To Be Filed:
Robert W. Levy, Esquire
Eckert Seamans Cherin & Mellott, LLC
2 International Place, #1600
Boston, MA 02110
(617) 342-6832
rlevy@eckertseamans.com

David V. Radack, Esquire
Timothy P. Ryan, Esquire
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA  15219
(412) 566-6000
dradack@eckertseamans.com
tryan@eckertseamans.com

*Attorneys for Beacon Hill Staffing Group, LLC*

4857889/1/15613.005