UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEACON HILL STAFFING GROUP, LLC,  )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEACON RESOURCES, LLC, )<br>)<br>Defendant. ) | Case No. 19-cv-04121<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Beacon Hill Staffing Group, LLC ("Beacon Hill"), filed a five-count Complaint against defendant, Beacon Resources, LLC ("Beacon-R"), for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114, *et seq.* (Count I), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, *et seq.* (Count II), for deceptive trade practices under the Illinois Deceptive Trade Practices Act, 815 ILCS § 510/1, *et seq.* (Count III), for violation of common law unfair competition under Illinois law (Count IV), and for cancellation of defendant's federally registered service mark pursuant to 15 U.S.C. §§ 1064 and 1119 (Count V). Currently before the Court is defendant's motion to dismiss plaintiff's entire Complaint under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons explained below, the Court grants defendant's motion without prejudice and grants plaintiff leave to file an amended complaint.

**Background**

The following facts are derived from the Complaint and accepted as true for purposes of this motion. Beacon Hill is a well-known national employment staffing and job placement company that has offices throughout the United States, including in Chicago, Illinois. Beacon Hill markets its services to various industries, including the financial services and accounting sectors. In 2002,

Beacon Hill began using numerous service marks to identify itself and its services (the "Beacon Hill Marks"). According to Beacon Hill, each of these marks includes the dominant term "Beacon." The United States Patent and Trademark Office ("USPTO") has granted Beacon Hill federal service mark registrations for fifteen of its Beacon Hill Marks. Among these registered marks is the "Beacon Hill Financial" service mark, which covers Beacon Hill's employment agency services.

Beacon Hill alleges that its widespread marketing efforts have caused consumers to recognize the Beacon Hill Marks as identifying Beacon Hill as the source of the services it offers. Beacon Hill also asserts that it has spent a significant amount of money, time, and effort to grow the valuable service mark rights in the Beacon Hill Marks and to bring awareness of the marks throughout the United States.

Beacon-R is also an employment staffing and job placement company offering its services in the Chicago area. On August 9, 2016, the USPTO granted Beacon-R a service mark registration for "Beacon Resources" in Trademark Class 35—the same class as Beacon Hill's fifteen registered service marks. Beacon-R uses its mark, Beacon Resources, in connection with promoting its services. Beacon Hill alleges that defendant's Beacon Resources mark is confusingly similar to the Beacon Hill Marks. Beacon Hill alleges that Beacon-R is a direct competitor and promotes its services through the same channels and to consumers in, including, but not limited to, the financial services and accounting industries. Beacon Hill also alleges that Beacon-R falsely represents to consumers that its services are those of Beacon Hill and that it has been damaged by Beacon-R's use of Beacon Resources. Based on these allegations, Beacon Hill brought this action against Beacon-R.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court may consider "information that is properly subject to judicial notice" when ruling on a motion to dismiss.[1] *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). The Court may also consider information in the public record. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012).

**Discussion**

Plaintiff asserts the following claims in its Complaint: (1) trademark infringement under 15 U.S.C. § 1114 in Count I; (2) unfair competition and false designation under 15 U.S.C. § 1125 in Count II; (3) deceptive trade practices under the DTPA in Count III, 815 Ill. Comp. Stat. Ann. 510/1; (4) unfair competition under Illinois common law in Count IV; and (5) cancellation of defendant's federally registered service mark pursuant to 15 U.S.C. §§ 1064 and 1119 in Count V. Beacon-R moved to dismiss the Complaint in its entirety but failed to address each count individually. Because Counts I-IV involve the same elements and analysis, the Court will analyze Counts I-IV as one claim. *See Spex, Inc. v. Joy of Spex, Inc.*, 847 F.Supp. 567, 579 (N.D. Ill. 1994) (citing *Gimix, Inc. v. JS & A Group, Inc.*, 699 F.2d 901, 908 (7th Cir. 1983) (finding that "[c]laims for unfair competition and deceptive business practices brought under Illinois statutes are to be resolved according to the principles set forth under the Lanham Act."); *Top Tobacco v. Fantasia Distribution Inc.*,

---

[1] The Court declines to take judicial notice of Exhibits A-G attached to defendant's Memorandum in Support of its Motion to Dismiss and Exhibits A-C attached to defendant's Reply Memorandum in Support of defendant's Motion to Dismiss as their contents would not affect the Court's analysis at this stage.

101 F. Supp. 3d 783, 790 (N.D. Ill. 2015) (Blakey, J.) (explaining that claims of trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125, unfair trade practices under the DTPA, 815 Ill. Comp. Stat. Ann. 510/1, and unfair competition claims under Illinois common law involve the same elements and proof.) (citations omitted).

To state a claim under the causes of action alleged in Counts I-IV, a plaintiff must show that: (1) the mark at issue is protectable, and (2) the defendant's use of the mark is likely to cause confusion among consumers. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001).

**A. Protectable Mark**

Beacon-R argues that Beacon Hill fails to allege any facts to support that it has protectable rights in the term "Beacon." A plaintiff can assert "a protectable mark by either: (1) alleging that the mark is registered in the USPTO, which provides 'prima facie' evidence of the validity, ownership and exclusive right to use the registered mark; (2) alleging a mark registered in the Supplemental Register, which is not entitled to presumption of validity because it is only 'capable' of becoming a trademark; or (3) alleging an unregistered mark that is entitled to protection under section 1125 of the Lanham Act." *Top Tobacco,* 101 F. Supp. 3d at 790.

Here, Beacon Hill argues that it has satisfied the first element because it has alleged facts establishing that the Beacon Hill Financial service mark is incontestable pursuant to the Lanham Act and that it "constitutes conclusive evidence of the validity of the registration of the mark, Beacon Hill's ownership of the mark and Beacon Hill's exclusive right to use the mark in commerce in connection with the associated services." Compl. at ¶ 15. To further support its argument, Beacon Hill asserts that it has fourteen additional registered service marks in which the dominant term is "Beacon." Though Beacon Hill's argument is true as it relates to its ownership of the Beacon Hill Financial mark and the additional registered service marks identified in Exhibit A of the Complaint, the same is not true for the standalone term "Beacon." First, Beacon Hill has not alleged any facts

4

asserting that it has a registration for the term "Beacon." Second, Beacon Hill has failed to allege any facts to support its conclusory assertion that "Beacon" is the dominant term of the Beacon Hill Financial service mark or any of the additional service marks.

Beacon Hill also alleges that it has common law rights in the Beacon Hill Marks because of its continuous use of the marks in relation to marketing its services since 2002. However, Beacon Hill's argument fails for the same reasons explained above. Accordingly, plaintiff has failed to allege facts that would allow the court to plausibly infer that the mark at issue is protected.

### B. Likelihood of Confusion

Beacon-R also argues that Beacon Hill fails to allege any facts giving rise to a plausible claim of likelihood of confusion. The Seventh Circuit "uses the following seven factors to determine the likelihood of confusion: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any evidence of actual confusion; and (7) the intent of the defendant to 'palm off' his product as that of another." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir. 2015). Plaintiff is not required to prove likelihood of confusion at this stage of the litigation, but instead, must plead allegations that make it plausible that such likelihood of confusion exists. *See Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014) ("Allegations of consumer confusion in a trademark suit, just like any other allegations in any other suit, cannot save a claim if they are implausible.").

Here, Beacon Hill argues that it has sufficiently pled likelihood of confusion because it has alleged facts to support all seven factors. Beacon Hill's argument is unavailing. Although Beacon Hill is not required to allege facts to support each factor of this analysis, the Court finds that Beacon Hill has, at best, made conclusory statements as to the three most important factors. *See Packman*, 267 F.3d at 643 ("No single factor is dispositive, … although, in many cases, the similarity of the

marks, the defendant's intent, and actual confusion are particularly important."). For example, with respect to the marks' similarity, Beacon Hill merely alleges that the "distinctive component of each party's mark, 'Beacon' is identical " and that they are "confusingly similar in sight, sound, meaning and commercial impression[.]" Compl. at ¶¶ 19, 21. With respect to Beacon-R's intent, Beacon Hill alleges that defendant's acts are "knowing, deliberate, willful, and in disregard of [Beacon Hill's] rights." *Id.* at ¶ 36. Similarly, with respect to actual confusion, Beacon Hill states, on information and belief, that "actual confusion has and continues to occur[.]" *Id.* at ¶ 26. Beacon Hill's failure to set forth any facts to support its conclusory assertions is fatal to its claims. *Iqbal*, 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient for surviving a motion to dismiss). Moreover, the Court finds that the facts alleged by Beacon Hill as to the remaining factors is not enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, Beacon Hill has failed to allege facts that would allow the court to plausibly infer that likelihood of confusion exists.

    **C. Cancellation of Registration**

Beacon Hill's claim for cancellation is futile for the same reasons stated above. As such, the Court dismisses Count V because Beacon Hill has failed to sufficiently plead facts regarding Beacon-R's misuse of the Beacon Resources service mark.

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion to dismiss without prejudice [15]. Further, the Court grants plaintiff leave to file an amended complaint by December 30, 2020 in accordance with this order.

**IT IS SO ORDERED.**

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge